UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN RANDOPH,<br><br>                      Plaintiff,<br><br>-against-<br><br>NEW YORK CITY/STATE; MID-STATE;<br>CLINTON; FISHKILL,<br><br>                      Defendants. | 1:25-CV-8130 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ryan Randolph, who is currently incarcerated in the Mid-State Correctional Facility, in Marcy, Oneida County, New York, brings this action *pro se*, seemingly asserting that the defendants have violated his federal constitutional rights. He sues what appear to be: (1) the City of New York; (2) the State of New York; (3) the Mid-State Correctional Facility ("Mid-State"); (4) the Clinton Correctional Facility ("Clinton"); and (5) the Fishkill Correctional Facility ("Fishkill").[1] Plaintiff seeks eight million dollars in damages, as well as a "halal menu for [C]ity Muslim[s] as well as State" Muslims. (ECF 1, at 5.) The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

---

[1] Plaintiff's complaint and *in forma pauperis* application are unsigned, while his prisoner authorization is signed.

> substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of this provision, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

The City of New York resides in this judicial district and in the Eastern District of New York. *See* 28 U.S.C. § 112(b), (c). The State of New York resides in all four of the federal judicial districts that comprise the State of New York—the Northern, Southern, Eastern, and Western Districts of New York. *See* § 112(a)-(d). Mid-State is located in Oneida County, New York, and Clinton is located in Clinton County, New York, both within the Northern District of New York. *See* § 112(a). Fishkill is located in Dutchess County, New York, within this judicial district. *See* § 112(b). Thus, assuming that all of the defendants have the capacity to be sued, under Section 1391(b)(1), this court, and every other federal district court within the State of New York, is a proper venue for this action.

Plaintiff alleges that the events that are the bases for his claims have taken place both within the City of New York and within the State of New York. (ECF 1, at 4.) He seems to assert that, five years ago, while he was incarcerated in the Auburn Correctional Facility, located in Auburn, Cayuga County, New York, which also lies within the Northern District of New York, *see* § 112(a), he raised a successful grievance with prison officials regarding providing halal food to Muslim prisoners, including himself. He also seems to assert that prison officials are not providing to him and to other Muslim prisoners who are incarcerated throughout the State of

New York, including throughout the City of New York, food that is properly halal according to his interpretation of the Quran. Plaintiff asserts that those prisoners, including himself, must be provided with halal food from a vendor that is located on Webster Avenue, between 180th Street and 181st Street, in the Bronx, New York (ECF 1, at 4), which is located within this judicial district, *see* § 112(b). Because Plaintiff, who does not allege that he is an attorney, may only assert claims on his own behalf *pro se*, and not on behalf of any other person, *see United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), including any of the other Muslim prisoners incarcerated within the State and City of New York, it would appear that, with respect to his own claims, the relevant events—prison officials denying him what he believes is proper halal food—have been occurring in Mid-State, where he is presently incarcerated, and that is located within the Northern District of New York. Thus, while it is not clear that this court is a proper venue for Plaintiff's claims under Section 1391(b)(2), it is clear that the United States District Court for the Northern District of New York is a proper venue for this action under that provision.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the

interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying events that are the bases for Plaintiff's claims that he brings on his own behalf are alleged to have been occurring at Mid-State, in Oneida County, within the Northern District of New York, and it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Northern District of New York, which is a proper venue for this action under both Section 1391(b)(1) and (b)(2), appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] Summonses shall not issue from this court. This order closes this action in this court.

---

[2] This Court defers to the transferee court as to whether to make a determination, following an "independent review," that Plaintiff is barred, under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing federal civil actions *in forma pauperis* unless he is under imminent danger of serious physical injury at the time of filing. *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 381-82 (2d Cir. 2019) (holding that "mixed dismissals are not strikes under the PLRA").

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 16, 2025
           New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge